(August 13, 1910.)

## MAY McELROY JACKSON, Respondent, v. THE INDIAN CREEK RESERVOIR DITCH AND IRRIGATION CO., LTD., Appellant.

[110 Pac. 251.]

Water Contract—Pro-rating Among Holders of Contract—Abandonment of Right — Right by User — Extinguishment of Contract.

(Syllabus by the court.)

1. Under the facts and circumstances of this case, *held*, that the equities are with the respondent, and that the judgment of the trial court should be affirmed.

2. *Held*, that there are sufficient facts and circumstances shown by the record to support the findings and judgment of the court to the effect that certain holders of water contracts had abandoned their water rights and ceased to use the same or claim or assert any right under them for more than five years.

3. Where it is contended, as in this case, that one of the parties to the action has by purchase or otherwise acquired the rights of both of the contracting parties to a given contract granting a perpetual water right, and that such party is successor in interest by purchase or otherwise of all of the rights held by both the obligor and obligee, and the party seeks a decree whereby it may be permitted to pro-rate as successor to such contracts with the holder of another like and similar water contract, *quaere*, as to whether such facts constitute an extinguishment of the original contract.

APPEAL from the District Court of the Third Judicial District for Ada County: Hon. Fremont Wood, Judge.

Action on water contracts to declare the respective rights and priorities of the parties. Judgment for plaintiff. Defendant appealed. *Affirmed.*

Hawley, Puckett & Hawley, for Appellant.

This court has already passed upon the law controlling this particular case. (*Jackson v. Indian Creek etc. Co.,* 16 Ida. 430, 101 Pac. 814.)

The main contention of appellant in this case is that the former decision of the supreme court has been misconstrued and matters reconsidered which were settled absolutely as the law of the case in the former decision. (Spelling, New Trial and App. Prac., par. 691.)

Karl Paine, for Respondent.

The water rights acquired under similar contracts were extinguished the moment abandonment occurred. The Orchard Irrigation Company contracted to deliver to plaintiff sufficient water for the irrigation of her land. But the plaintiff never received what the company pretended to convey to her until after users under similar contracts had abandoned their rights. A second sale by an irrigation company or an attempted user of the water by it should be enjoined, for to permit the company to sell or use water under these circumstances would work an effectual fraud against former purchasers of water rights. If the plaintiff had been entitled to this relief as against the Orchard Irrigation Company, we are entitled to like relief as against the defendant. (*Stanislaus Water Co. v. Bachman*, 152 Cal. 716, 93 Pac. 858, 15 L. R. A., N. S., 359.)

Under the law of water and water rights, the same distinction exists between abandonment and adverse user as exists in the law of mines and mining rights between abandonment and forfeiture. (Long on Irrigation, secs. 82, 83.)

The contract must be read in connection with secs. 4 and 5, art. 16, of the constitution of this state, which sections form a part of the contract.

Therefore, under the circumstances of this case, we acquired a prior right to the use of the waters of the defendant's reservoir the instant the users of water under similar contracts abandoned their water rights. A construction of plaintiff's contract which would compel her to pro-rate with subsequent purchasers would be contrary to the letter and spirit of this section. (3 Farnham on Waters and Water Rights, p. 2101.)

PER CURIAM.—This case was heard once before on appeal, and the opinion of the court is reported in 16 Ida. 430, 101 Pac. 814. After the case was remanded it was again tried in the district court and an appeal was taken from the second judgment, and that appeal was heard at the January, 1910, term of this court. Subsequently a petition for a rehearing was filed and granted by the court.

The principal facts of the case are set out at some length in the original opinion and we will not therefore restate them here. This action is based on a contract for a water right dated March 22, 1895, and it was held in the former opinion of this court that the contract was a valid and subsisting contract between the parties and that the parties and their successors in interest were bound thereby. That contract contained a provision to the effect that in case of unforeseen or unavoidable accident which might result in diminishing the supply of water, or if the volume of water should prove insufficient from drought or any other cause beyond the control of the company, the second party to the contract should have her pro rata share of the water which the company might have for distribution, and that the company should not be liable for the shortage or deficiency, but should have a right to distribute such water as it might have through its canals to the holders of such water right contracts, *pro rata,* provided that such contracts placed the holders thereof upon an equality, and conferred on no one of such persons a prior or superior right over any other person holding a like contract. The court there held that the terms of the contract negatived the idea of a priority as between those holding such contracts, and that said contracts specifically limited the respondent's right to a *pro rata* share in case of a shortage or scarcity of water, and that the trial court erred in its prior decision wherein it held that the plaintiff had a prior right to the use of the waters from said reservoir.

The case was sent back for the trial court to determine two questions and to enter judgment accordingly. The trial court was directed to determine, first, the number of inches necessary for the proper irrigation of plaintiff's land de-

scribed in said contract; second, the number of acres of land included within other and similar subsisting contracts for water from said reservoir. In the course of that opinion the court said:

"Inasmuch as a new trial must be granted in this case, it will be necessary for the trial court to ascertain the number of acres covered by similar contracts not exceeding the 8,400 acres for which it was intended to supply water and to give plaintiff her *pro rata* share thereof. If, however, a less number of acres has been covered by such contracts, then whatever the total of such acreage may appear to be, when proof is taken, the plaintiff should have her *pro rata* share of such water, and upon this question and the question as to the quantity of water necessary for plaintiff, proof should be taken by the trial court and judgment thereupon entered in accordance with this opinion."

After the case was remanded to the lower court the plaintiff amended paragraph 9 of her complaint, and after alleging the execution and delivery of the contract and the nature thereof the amendment reads as follows:

"That because the water supply proved insufficient as aforesaid, some of said purchasers of water rights never used any of the waters of said reservoir in the irrigation of their lands or otherwise applied it to a beneficial use, and all the other purchasers of said water rights, except plaintiff, ceased to irrigate their said lands or to otherwise apply any of the waters of the said reservoir to a beneficial use, and ceased to use it at all after the year 1901, and all of said purchasers of said water rights, except plaintiff, wholly abandoned their said contracts and the right to use any of the waters of the said reservoir prior to the commencement of this action, and wholly abandoned their said lands, and permitted the same to be sold for taxes and tax deeds to be issued therefor to Ada county; that the defendant never claimed to own any right to use any of the waters of said reservoir by virtue of any contract delivered by the Orchard Irrigation Company of Idaho, or by virtue of any other contract or agreement, and it never owned and does not now own or hold said contracts

or any of them, as assignee or otherwise, or any other contract or agreement granting to it the right to use the waters of said reservoir, or any part thereof, and it is not now and never was the owner of any water right in or to said reservoir or ditch or the waters therein by virtue of any contract or agreement whatever; that for more than five years next preceding the commencement of this action the plaintiff was the sole and exclusive user of the waters of said reservoir, and is the owner of a first and prior right to the water of said reservoir and ditch in an amount to properly irrigate her said eighty-acre tract.''

After the proofs were submitted the trial court made a finding in substantially the same language as this amendment and found every fact as alleged by the amendment. He found that all the water users and consumers, who held contracts similar to the one held by the plaintiff, had abandoned their rights and ceased to use any water from the reservoir ever since 1901. He also found that the appellant never owned any contract for the use of water under this canal, and that in purchasing the reservoir and canal system and lands it never secured any of these water rights. He further found that the plaintiff had for more than five years been the sole and exclusive user of water from this reservoir and canal system.

The trial court entered judgment in favor of the plaintiff for a prior right of fifty inches for the irrigation of her land, on the evident theory that there was no other outstanding contract similar to hers, and therefore no other holder of a similar contract entitled to pro-rate with her. The appellant irrigation company contends, however, that this holding of the court was erroneous, for the reason that it is the successor in interest both of the original reservoir and canal company and also of the original land owners who purchased these contracts. The appellant insists that since it has purchased the land, to which these water contracts were appurtenant, that it owns the land with all of its appurtenances, including the water rights purchased for the benefit of such land.

The complications of this case have proven perplexing to this court, but after a further consideration of the case, we are of the opinion that the equities are with the respondent. In the consideration of this case it has also occurred to us, first, that since the land owners who purchased these water rights have all (except the respondent) absolutely abandoned their land and their water rights for a period of more than five years and allowed the land to be sold by the county for taxes, that this is a very strong evidence of abandonment in fact by the owners of these water rights. If it once be conceded as a fact that they did abandon their water rights, it would then inevitably follow, as a legal proposition, that the respondent might acquire the right to use the water either by appropriation or application to a beneficial use or under a rental from the ditch or canal company owning the paramount appropriations and water right. (Long on Irrigation, secs. 82 and 83.) If abandonment once be conceded, then of course another appropriator or user of the water may acquire the right to the thing abandoned without claiming that right under the law of adverse possession. Secondly, another difficulty has presented itself to our minds and that is, that if the appellant company is the successor by purchase or otherwise of all the rights of the original reservoir and canal company, and is likewise the successor by purchase or otherwise of all the rights of the original land owners who purchased these water contracts from the original canal company, then the rights of both the obligor and obligee are merged in one and the same corporation, and it would therefore be difficult for the appellant to come in and claim that it has water contracts with itself under which it is entitled to pro-rate with the respondent. (*Leavitt v. Lassen Irr. Co.,* 157 Cal. 82, 106 Pac. 407.) In other words, if this company claims under those contracts, it is placed in the anomalous position of contracting with itself for a perpetual water right by paying itself an annual water rate, and would therefore have to invoke all process against itself in order to obtain compliance with the contract.

Points Decided.

This condition, it seems to us, might result in an extinguishment of the contract, or rather a merger of the duty on the one hand to comply with the contract and the privileges acquired on the other hand under the contract, and that the result would be an extinguishment of the contract. In any event, it appears to us that it would be inequitable for the court to now allow the appellant itself, the owner of the reservoir and canal system, to successfully assert its right to prorate with the respondent in the distribution of water to the extent of the amount necessary for the successful irrigation of respondent's tract of land. It appears that fifty inches is not too much for the irrigation of the amount of land she has been cultivating.

In view of the facts and circumstances surrounding this case, we think substantial justice has been done by the decree of the trial court, and it will therefore be affirmed. Since we have reached a different conclusion on this rehearing from what we reached in the original opinion at the January term, that opinion will not be reported and this will serve as the only opinion in the case.

Judgment *affirmed,* with costs in favor of the *respondent.*